IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY ERIC WOLF CHILD,<br><br>Defendant. | CR 11-12-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I.  Synopsis

The United States accused Mr. Wolf Child of violating his conditions of supervised release by 1) consuming alcohol, and 2) being terminated from sex offender treatment.  He admitted to the violations.  Mr. Wolf Child's supervised release should be revoked.  He should be sentenced to five months of custody, with 115 months of supervised release to follow.

## II.  Status

On August 25, 2011, United States District Court Judge Sam Haddon sentenced Mr. Wolf Child to eighty-six months custody, with 120 months of supervised release to follow, after he pleaded guilty to Sex with Person Mentally/Physically Unable to Decline.  (Doc. 49).  Mr. Wolf Child began his first

1

term of supervised release on September 1, 2017.

On October 17, 2017, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Wolf Child had violated the conditions of his supervised release by smoking marijuana and consuming alcohol. (Doc. 57). The Court allowed him to continue his supervised release to address his substance abuse issues at White Sky Hope.

On December 22, 2017, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Wolf Child had violated the conditions of his supervised release by smoking marijuana. (Doc. 58). The Court allowed him to continue his supervised release to address his substance abuse issues at White Sky Hope.

On March 16, 2018, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Wolf Child had violated the conditions of his supervised release submitting a diluted urine sample on three different occasions. (Doc. 59). The Court allowed him to continue his supervised release to participate in substance abuse treatment.

On April 16, 2018, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Wolf Child had violated the conditions of his supervised release by taking Oxycodone without a valid prescription. (Doc.

60). The Court allowed him to continue his supervised release.

**Petition**

On May 31, 2018, the Probation Office filed a petition seeking to revoke Mr. Wolf Child's supervised release. The petition alleged that on May 25, 2018, the Rocky Boy Police conducted a traffic stop on a vehicle in which Mr. Wolf Child was a passenger. The petition alleges that Mr. Wolf Child's BAC was .039 when tested at 4:57 a.m. that day. The petition also alleges that on May 29, 2018, the Probation Office was notified that Mr. Wolf Child had been terminated from sex offender treatment for his third alcohol violation. (Doc. 61). Based on the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Wolf Child's arrest. (Doc. 62).

**Initial appearance**

Mr. Wolf Child appeared before the undersigned on June 19, 2108, in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom accompanied Mr. Wolf Child at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Wolf Child said he had read the petition and understood the allegations. Mr. Wolf Child waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Wolf Child admitted to the violations as alleged in the petition. The admitted violations are serious and warrant revocation of Mr. Wolf Child's supervised release.

Mr. Wolf Child's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class A felony. He could be incarcerated for up to sixty months. He could be ordered to remain on supervised release for 120 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom argued tor a low-end guideline sentence, stating that Mr. Wolf Child was ineligible for prerelease, and that besides the alcohol violations, Mr. Wolf Child has been diligent about participating in sex offender treatment. Mr. Wolf Child exercised his right of allocution and apologized to his probation officers and the Court, stating that he struggles with addiction and that life on the outside is new to him and takes adjustment. Mr. Cobell argued that Mr. Wolf Child had been given four warnings through the 12(c) reports, most of which involved alcohol. Mr. Cobell recommended a guideline sentence with supervised release to follow.

### III. Analysis

Mr. Wolf Child's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to five months of custody, with 115 months of supervised release to follow. This sentence would be sufficient for the violation of the Court's trust, but would not be greater than necessary.

### IV. Conclusion

Mr. Wolf Child was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within fourteen days of their issuance. The undersigned explained that Judge Morris would consider Mr. Wolf Child's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Wolf Child's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Timothy Eric Wolf Child violated the conditions of his supervised release by 1) consuming alcohol, and 2) being terminated from sex offender treatment.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Wolf Child's supervised release and committing Mr. Wolf Child to the custody of the United States Bureau of Prisons for five months, with 115 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of June, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge